**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SERGEY FIRSOV, | Case No. 5:26-cv-00343-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS FOR SERVICE PROCESS FEES** |
| SKYWEST AIRLINES, INC., et al., | [Re: ECF Nos. 17, 19] |
| Defendants. | |

Pro se Plaintiff Sergey Firsov moves pursuant to Federal Rule of Civil Procedure 4(d)(2) to recover costs for service of process as to Defendant Sabre GLBL, Inc. ("Sabre") and Defendant Amadeus North America, Inc. ("Amadeus"). ECF No. 17; ECF No. 19. Amadeus filed a notice of non-opposition, *see* ECF No. 44, and Sabre has not filed a response brief within the time permitted.

Federal Rule of Civil Procedure 4 provides that a corporation "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Notice to a corporation must be given "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* 4(d)(1)(A)(ii). "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff." *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012). If a defendant "fails, without good cause," to waive service, then "the court must impose" the "expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2).

Mr. Firsov avers that, "[o]n 03/02/26 all Defendants were served [sic] complaint and Summons with request to waive the service of Summons," that Sabre and Amadeus failed to

waive service within thirty days, and that he expended $54.50 and $60 in formally serving Sabre and Amadeus, respectively.  ECF No. 17 at 1; ECF No. 19 at 1.  Mr. Firsov has attached proofs of service to both motions.  ECF No. 17 at 5; ECF No. 19 at 5.  "Because defendants failed to comply with plaintiff's request for waiver of service of summons, and because they have not shown good cause for the failure, the court finds that plaintiff is entitled to reimbursement of costs."  *Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601, 603 (N.D. Cal. 2005).  The proof of service as to Sabre reflects costs of $54.40 (not $54.50), and the Court will reduce Mr. Firsov's request for costs as to Sabre accordingly.

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) The motions are GRANTED.

(2) The Court AWARDS Mr. Firsov costs in the amount of $54.40 from Sabre, to be paid within thirty days of the date of this order.

(3) The Court AWARDS Mr. Firsov costs in the amount of $60 from Amadeus, to be paid within thirty days of the date of this order.

(4) This order terminates ECF Nos. 17, 19.

**IT IS SO ORDERED.**

Dated:  May 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California