**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SERGEY FIRSOV,

        Plaintiff,

      v.

SKYWEST AIRLINES, INC., et al.,

        Defendants.

Case No.  5:26-cv-00343-BLF

**ORDER GRANTING MOTIONS TO DISMISS; DISMISSING ACTION FOR LACK OF JURISDICTION**

[Re:  ECF Nos. 31, 32, 35]

SkyWest Airlines, Inc. ("SW"), Alaska Airlines, Inc. ("Alaska"), and Sabre GLBL, Inc. ("Sabre") move to dismiss pro se Plaintiff Sergey Firsov's complaint.  ECF Nos. 31, 32, 35, 41, 45, 46.  Mr. Firsov opposes the motions.  ECF Nos. 38, 39, 40.  The matter is suitable for decision without oral argument, and the Court VACATES the hearings set for August 27, 2026, and September 24, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, the Court GRANTS the motions and DISMISSES this action for lack of subject matter jurisdiction.

**I.    BACKGROUND**

This complaint is based on Defendants' alleged failure to "combine" domestic and international tickets that Mr. Firsov purchased separately.  Mr. Firsov alleges (by checking the boxes by them in the form complaint) that the Court possesses federal question jurisdiction and diversity jurisdiction, stating that the federal laws involved are "Montreal convention 1999, Airline Deregulation Act 1978."  ECF No. 1 ("Compl.") at 2.[1]  The complaint alleges as follows.

Mr. Firsov was unable to purchase a single ticket from Santiago, Chile, to San Jose "due

---

[1] Mr. Firsov has not numbered the pages of the complaint, so the Court refers to the page numbers as they appear on CM/ECF at ECF No. 1.

[to] error on Alaska app," so he "decided to split" the trip into separate bookings. Compl. at 4. On February 7, 2025, Mr. Firsov purchased an international ticket from Santiago to Los Angeles through Lima, Peru, for travel on January 3, 2026, on LATAM Airlines Peru. *See* Compl. at 22. On December 2, 2025, Mr. Firsov purchased a domestic ticket from Los Angeles to San Jose for travel on January 4, 2026. On December 28, 2025, Mr. Firsov purchased another domestic ticket from Los Angeles to San Jose for travel on January 4, 2026. Mr. Firsov alleges that Defendants refused to "combine" these tickets, which caused him to be "delayed forever." Compl. at 5.

The complaint asserts twelve causes of action against SW, Alaska, Sabre, and Amadeus North America, Inc. ("Amadeus"). *See* Compl. at 6–17. Claims 1, 2, and 4 are brought under the Airline Deregulation Act of 1978 ("ADA") and Montreal Convention of 1999 against SW and Alaska. The remaining nine claims are asserted against SW, Alaska, Sabre, and Amadeus for violations of state law.

## II.     LEGAL STANDARD

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* If the moving party presents evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.*

In deciding whether to grant leave to amend pursuant to Federal Rule of Procedure 15(a), the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit. These include (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.   DISCUSSION**

Neither of the federal laws identified in the complaint supply federal question jurisdiction over this action.  "[T]he ADA does not even provide for a private right of action to enforce its provisions" and cannot supply an independent basis for federal question jurisdiction.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002).  The Montreal Convention covers "*international* carriage of persons, baggage, or cargo."  Montreal Convention, Art. 1(1) (emphasis added).  The dispositive determinant in resolving whether a domestic flight, like the ones at issue here, is part of "international carriage" is the intent of the parties to enter into an agreement for international carriage.  *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 987 (9th Cir. 2004).  Even drawing all inferences in Mr. Firsov's favor, the complaint contains no factual allegations to support a reasonable inference that either SW or Alaska regarded themselves as part of a single operation with LATAM Airlines Peru.  *See, e.g.*, *Firsov v. Frontier Airlines, Inc.*, No. 25-cv-02898-SVK, 2025 WL 3239326, at *3 (N.D. Cal. Nov. 20, 2025).

The Court also does not have diversity jurisdiction.  Mr. Firsov has effectively pleaded himself out of federal court by alleging "real expenses" of $1,080.77 and $741.60, plus a $405 filing fee.  Compl. at 6.  That totals $2,227.37, and Mr. Firsov's astronomical demands for emotional damages are not plausible and are insufficient to meet the amount-in-controversy requirement.

The complaint accordingly fails to plausibly allege a basis for the Court to exercise jurisdiction in this action.  Absent a viable federal claim, "[a] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  While Amadeus has not yet filed an answer in this action, the Court finds based on the foregoing that it lacks jurisdiction over Mr. Firsov's claims against Amadeus as well and would decline to exercise supplemental jurisdiction.  Amendment would clearly be futile, so the Court will not grant leave to amend.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motions are GRANTED.

(2) The action is DISMISSED WITHOUT LEAVE TO AMEND, without prejudice to re-filing in a court with jurisdiction.

(3) All pending motions, deadlines, and hearings are TERMINATED as moot.

(4) The Court will direct that judgment be entered for Defendants and against Mr. Firsov.

Dated:  June 5, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4