United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SERGEY FIRSOV,

          Plaintiff,

    v.

SKYWEST AIRLINES, INC., et al.,

          Defendants.

Case No.  5:26-cv-00343-BLF

**ORDER DENYING MOTION FOR RECONSIDERATION**

[Re: ECF No. 54]

Pro se Plaintiff Sergey Firsov, a frequent flier in this district (both figuratively and literally),[1] brought this Montreal Convention action against SkyWest Airlines, Inc. ("SW"), Alaska Airlines, Inc. ("Alaska"), Sabre GLBL, Inc. ("Sabre"), and Amadeus North America, Inc. ("Amadeus") for their alleged failure to "combine" domestic and international tickets that he purchased separately.  ECF No. 1 ("Compl.").  The Court dismissed this action for lack of subject-matter jurisdiction because the Montreal Convention only covers international carriage.  ECF No. 54 ("Order").  Mr. Firsov moves for reconsideration of that Order, which the Court construes as a motion to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 56 ("Mot.").  Defendants oppose the motion.  ECF No. 57 ("Opp.").  Mr. Firsov did not file a reply.  The motion is suitable for decision without oral argument, *see* Civ. L.R. 7-1(b), and is DENIED.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The Ninth Circuit has explained that there are "four basic grounds upon which a Rule 59(e) motion may be granted": (1) where the judgment is based on a

---

[1] *See Firsov v. Scandinavian Airlines*, No. 25-cv-03691-EMC, 2026 WL 1805737, at *2 (N.D. Cal. June 23, 2026) (collecting thirty cases).

manifest error of law or fact, (2) where the movant shows newly discovered or previously unavailable evidence, (3) where necessary to prevent manifest injustice, or (4) where there has been an intervening change in the law. *McDowell v. Calderon,* 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

> Mr. Firsov moves for reconsideration on the following ground:
>> Defendants SABRE and Amadeus provide GDS service to airlines and due [to] their fault ticket was not issued. Defendants SABRE and Amadeus are agents of airlines and under article 30 of Montreal convention claim for delay passenger/baggage may be aggregated with agents. Under article[s] 1.3 and 36 of Montreal convention domestic connection with international flight considered [sic] as single international trip.

Mot. at 2. In support of his motion, Mr. Firsov has attached a screenshot of a LATAM Airlines Peru flight itinerary. *Id.* at 6. Mr. Firsov also argues that the Court has diversity jurisdiction over his state law claims because he "demanded $250'000 [sic] of emotional distress and $400M as punitive damages." *Id*. at 3. The Court construes the motion as based on clear error of law or fact or newly discovered evidence, since Mr. Firsov does not argue that alteration of the judgment is necessary to prevent manifest injustice or identify any intervening change in the law.

Mr. Firsov's argument relating to whether his separate domestic and international flights could be aggregated to invoke the Montreal Convention was squarely addressed and rejected by the Court. *See* Order at 3 ("Even drawing all inferences in Mr. Firsov's favor, the complaint contains no factual allegations to support a reasonable inference that either SW or Alaska regarded themselves as part of a single operation with LATAM Airlines Peru."). Mr. Firsov fails to explain why the Court's order of dismissal was based on a clear error of law or fact, and Rule 59(e) is not a vehicle to relitigate decided issues or raise arguments that could have been offered in opposition to Defendants' motions to dismiss. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). The attached screenshot is also not a basis for relief. First, it is not newly discovered evidence because it was available to Mr. Firsov before filing this action. Second, his flight itinerary is irrelevant to the issue whether Defendants regarded themselves as part of a single operation with third party LATAM Airlines Peru.

United States District Court
Northern District of California

2

Mr. Firsov's remaining jurisdictional arguments do not compel a different conclusion. The Court considered and rejected his diversity jurisdiction argument because the complaint pleads actual damages of $2,227.37, and "astronomical demands for emotional damages are not plausible and are insufficient to meet the amount-in-controversy requirement." Order at 3. Mr. Firsov's argument that Amadeus conceded the allegations against it by failing to respond fails because Mr. Firsov did not seek entry of default or default judgment and, more fundamentally, relief would be unavailable in the absence of subject matter jurisdiction. Finally, to the extent that Mr. Firsov asserts that the Court clearly erred in dismissing the action without leave to amend, the Court disagrees. As the Court already explained, amendment would be futile because no set of facts could fix the threshold jurisdictional problem that Mr. Firsov purchased separate domestic tickets on SW and Alaska, unrelated to his LATAM Airlines Peru itinerary.

The motion is accordingly DENIED.

**IT IS SO ORDERED.**

Dated:  July 9, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3